**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1628**

MAURICIO TURCIOS BONILLA, a/k/a Maricio Turcios, a/k/a
Mauricio Bonilla Turcios,

                Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  January 13, 2016      Decided:  February 10, 2016

Before TRAXLER, Chief Judge, and KING and THACKER, Circuit
Judges.

Petition denied by unpublished per curiam opinion.

Clifton S. Elgarten, Jared A. Levine, CROWELL & MORING LLP,
Washington, D.C., for Petitioner.  Benjamin C. Mizer, Principal
Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant
Director, Keith I. McManus, Senior Litigation Counsel, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Mauricio Turcios Bonilla, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of Bonilla's application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA").* In his brief, Bonilla asserts that the agency violated his right to due process by relying on FBI documents reporting his criminal history to find that Bonilla had two convictions for crimes involving moral turpitude and conclude that he was "inadmissible" under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012), and thus ineligible for cancellation of removal under the NACARA. See 8 C.F.R. § 1240.66(b)(1) (2015) (mandating that, to establish eligibility for NACARA relief, the alien must establish that he is "not inadmissible under section 212(a)(2) . . . of the [Immigration and Nationality] Act").

The NACARA provides that "[a] determination by the Attorney General as to whether an alien satisfies the requirements of

---

* Pub. L. No. 105-100, 111 Stat. 2160, 2193-2201 (1997), amended by Pub. L. No. 105-139, 111 Stat. 2644, 2644-45 (1997) (codified as amended in scattered sections of 8 U.S.C.). "Under NACARA, certain nationals from Guatemala, El Salvador, and former Soviet bloc countries may apply for suspension of deportation or special rule cancellation of removal." Pastora v. Holder, 737 F.3d 902, 905 (4th Cir. 2013) (footnote omitted).

[NACARA eligibility] is final and shall not be subject to review by any court." NACARA § 203(a)(1)(C)(ii) (Pub. L. No. 105-100, 111 Stat. 2160, 2197-98). This court has recognized that 8 U.S.C. § 1252(a)(2)(D) (2012), the statutory exception to the jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(B) (2012), applies in NACARA cases, and thus we have jurisdiction to review only constitutional claims or questions of law arising from the denial of that relief. See De Leon v. Holder, 761 F.3d 336, 339 (4th Cir. 2014) ("Congress has strictly limited our jurisdiction to review the Attorney General's resolution of NACARA applications."); Barahona v. Holder, 691 F.3d 349, 353 (4th Cir. 2012) (recognizing limitations on this court's review of an agency ruling on a NACARA application).

The grant of NACARA relief "is not a matter of right under any circumstances but rather is in all cases a matter of grace to be determined by the Attorney General." De Leon, 761 F.3d at 339 (internal quotation marks omitted). Under Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006), abrogated on other grounds by Dada v. Mukasey, 554 U.S. 1 (2008), a due process claim cannot stand when the underlying relief is entirely a matter of discretion because, under such circumstances, the alien has neither a liberty nor property interest in the relief he seeks. See also Smith v. Ashcroft, 295 F.3d 425, 429-30 (4th Cir. 2002) (holding that alien's lack of a "protected liberty or

3

property interest" in a discretionary waiver of deportation was "a circumstance fatal to his due process claim"). Thus, Bonilla's due process claim fails for lack of cognizability because he had no protected liberty or property interest in receiving special rule cancellation of removal under the NACARA.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED